NAKED CITY, INC., Dick Drost, and Florence Gay Slater, Plaintiffs,

v.

Greg AREGOOD; Mark Bajema; Mark Bauer; Peter Bisbis; Judge Stephen Bower; Bob Braun; Defendants 1–100 (Ponderosa); Defendants 101–6000; First Southern Baptist Church; First Church of the Nazarene; General Rural Development Corp.; Harry J. Falk; Ray Hines; Indiana; Indiana State Police; Officer Irvin; Lafayette Journal and Courier; Newell E. Lamb; Richard E. Ludlow; Jimmy Mazza; Newton County; Newton County Board of Commissioners; Marcia Pauley; Ponderosa Sun Club; Robinson; Rutherford; Steven Ryan; Tom Schmidt; Linnie Schmidt: Rev. Roger Taylor; Trustees of Lincoln School; Com. Michael Williamson; and X-Ray Technician, Defendants.

Civ. No. L 87–56.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 17, 1987.

Douglas Palaschak, Ventura, Cal., for Dick Drost.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., Daniel C. Blaney, Morocco, Ind., Anthony S. Benton, Stuart & Branigin, Lafayette, Ind., Harry J. Jennings, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, Ind., John T. Casey, Newton Co. Sheriff, Rensselaer, Ind., Kathryn B. O'Neall, Remington, Ind., Jason L. Horn, Highland, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On August 21, 1987, following a hearing in Lafayette, Indiana, this court entered an elaborate, if not massive, order and attached thereto the full complaint filed in this case by these plaintiffs on May 22, 1987. This court takes full judicial notice of the proceedings in this case since April 21, 1987. See 667 F.Supp. 1246 (N.D.Ind. August 21, 1987).

On July 30, 1987, at the hearing in Lafayette, this court orally ordered plaintiffs' counsel to file a full statement under oath concerning counsel's investigation into the law and facts of this case before the complaint was filed. The purpose of the order was to obtain proof that plaintiffs' counsel had complied with Rule 11 of the Federal Rules of Civil Procedure. This court extended the filing date for this statement several times *sua sponte*. However, the orders of this court were quite clear that the plaintiffs and their counsel were obligated to respond under oath with regard to their conduct under Rule 11 no later than October 14, 1987. See this court's Order of October 2, 1987.

No such response has been filed, and there has been no request for an extension of time. Plaintiffs and their counsel have completely ignored this court's order.

In addition to the order entered by this court with reference to Rule 11, numerous defendants have filed motions for relief and sanctions under Rule 11 of the Federal Rules of Civil Procedure. In the order of their filing, the following defendants have filed motions for sanctions on the following dates:

| | |
|---|---|
| August 27, 1987: | Defendants State of Indiana and Mark Bajema; |
| September 9, 1987: | Defendants Newton County, Mark Bajema and the State of Indiana; |
| September 10, 1987: | Defendants Harry J. Falk, Judge Stephen Bower, Circuit Court, Indiana, Indiana State Police, Officer Irvin, Newell E. Lamb, Richard Ludlow, Marcia Pauley, Rutherford, Dan Molter and Steven Ryan (Motion for Order to Show Cause as to Why Plaintiff's Counsel Should not be held in Contempt); |
| October 20, 1987: | Defendant Newton County. |

It is all too apparent that these plaintiffs and their counsel have simply filed a verbally far-reaching complaint against numerous defendants, including public officials and public bodies, and have simply walked away from it. This court is aware of *Brown v. Federation of State Medical*

*Boards,* 830 F.2d 1429 (7th Cir.1987), and it is this court's intention to fully comply with the mandates thereof, which represent the last, most recent, and most comprehensive statement of the increased obligations of a district court in imposing Rule 11 sanctions. It should also be noted that, although decided more than a month before *Brown v. Federation of State Medical Boards, George v. Bethlehem Steel Corp.,* 116 F.R.D. 628 (N.D.Ind.1987) decided by Judge Moody on August 10, 1987, is a clear example of complete compliance with the mandates announced on September 22, 1987 in *Brown.* In *George,* a case involving a *pro se* plaintiff, Judge Moody carefully laid out the essential deficiencies that caused him to impose a sanction of $5,000.00, payable to the defendant, Bethlehem Steel Corporation.

Here the conduct of the plaintiffs and their counsel is far more egregious than in *George.* Here, notwithstanding repeated and extended orders to do so, these plaintiffs and this plaintiff's counsel, have wholly refused to follow and have ignored this court's orders under Rule 11.

■ Absent statements from the plaintiffs and counsel regarding compliance with Rule 11, this court has a right to and does presume that this complaint was filed without even minimal investigation of the law and the facts. Claims were filed in this case that were clearly foreclosed by judicial immunity. Claims were filed in this case that were clearly foreclosed by prosecutorial immunity. Claims were asserted in this case seeking relief of the type that must be pursued under 28 U.S.C. § 2254 without even the remotest semblance of the exhaustion of available state remedies under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Claims were filed in this case that were clearly and unequivocally precluded by the applicable statute of limitations. Claims were filed in this case that were clearly beyond the jurisdiction of this court. It is hard for this judge to conceive that the conduct of plaintiffs' counsel in filing this case is other than careless and reckless. This counsel has clearly put the burden of study and illumination on this court and on these defendants. See *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986). In its totality, notwithstanding there may be some few bits and pieces that might have arguable merit, this complaint reeks of frivolousness and is the manifestation of precisely the kind of abusive process that Rule 11 is designed to avoid.

■ Because of the failure of the plaintiffs and their counsel to comply with this court's order with reference to Rule 11, this court now imposes the sanction of a fine, jointly and severally, against the three named plaintiffs and their counsel of record, in the sum of $5,000.00, which shall be payable no later than December 1, 1987 into the Office of the Clerk of this court in Lafayette, Indiana.

Additionally, with regard to the above named defendants who have filed petitions for sanctions under Rule 11 of the Federal Rules of Civil Procedure, this court will allow the actual amount of attorney fees and costs disbursements which have been sustained by each of the aforesaid defendants, and will give the aforesaid defendants until December 1, 1987 to file further affidavits specifying the amounts of attorney fees and disbursements, which shall be duly served on the counsel for the plaintiffs by ordinary mail. Plaintiffs are given until December 21, 1987 to file any objections or responses thereto. These times will *not* be extended.

This is the first time that this judge has imposed sanctions under Rule 11 against an attorney, and it does so with both melancholy and reluctance. This judge is a believer in a policy of judicial restraint with regard to Rule 11 that is perhaps in contrast with the more activist role that is envisioned in *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1080 (7th Cir.1987). However, the conduct of these plaintiffs' counsel in filing this kind of a complaint and then utterly ignoring a specific order of this court to explain as required by Rule 11, whether a reasonable

inquiry has been made into the law and the extent to which research was done with reference to the relevant law and facts, cannot and must not go unnoticed if there are to be any brakes put on the filing of frivolous and time-consuming law suits. This court has spent at least 30 hours of its own time in regard to this case. Judge William C. Lee of this court has ruled that such judicial time has a reasonable value of approximately $600.00 an hour. *Dominguez v. Figel,* 626 F.Supp. 368, 374 (1986) [*citing* Levin & Colliers *Containing The Cost Of Litigation,* 37 Rutgers L.Rev. 219, 227 (1985)]. That case has been cited and adhered to in other districts. *Kearns v. Ford Motor Co.,* 114 F.R.D. 57, 67 (E.D. Mich., S.D.1987); *Advo Systems, Inc. v. Walters,* 110 F.R.D. 426, 433 (E.D.Mich., S.D.1986). This fact alone more than justifies the imposition of a $5,000.00 fine which this court now imposes jointly and severally against these plaintiffs and their counsel. This court reserves the right to make such other orders as are necessary under Rule 11 of the Federal Rules of Civil Procedure.

In addition to all of the above, the plaintiffs' case in this complaint is now DISMISSED WITH PREJUDICE at plaintiffs' cost.