**WESTFIELD PARTNERS, LTD., Plaintiff,**

v.

**Richard C. HOGAN, Jeanne D. Hogan, Shelly Latoria, Joseph Latoria, Shawn Sterne, Julie Sterne, Peter Sorensen, Nancy Sorensen, Dennis Bomberek and Vicki Bomberek, Defendants.**

No. 90 C 137.

United States District Court, N.D. Illinois, E.D.

Sept. 4, 1990.

Donald F. Hemmesch, Jr., Taslitz, Smith & Hemmesch, Kevin P. Burke, Chicago, Ill., for plaintiff.

Joseph M. Williams, Law Offices of Joseph M. Williams, St. Charles, Ill., for defendants.

## ORDER

NORGLE, District Judge. ·

Before the court is the motion of defendants, Richard C. Hogan, Jeanne D. Hogan, Shelly Latoria, Joseph Latoria, Shawn Sterne, Julie Sterne, Peter Sorensen, Nancy Sorensen, Dennis Bomberek and Vicki Bomberek for attorney's fees and costs, pursuant to 42 U.S.C. § 1988, and sanctions pursuant to Fed.R.Civ.P. 11. For the following reasons, the motion is granted.

The facts in this case were well documented in this court's order of June 19, 1990. 740 F.Supp. 523. A short summary of those facts is as follows. The plaintiff, Westfield Partners, Ltd. ("Westfield"), had purchased three parcels of land in Wayne Township, DuPage County, Illinois, which it hoped to develop into an upscale residential subdivision named "Tall Oaks Estates." The preliminary plat provided ingress and egress to the subdivision via a road running between Fair Oaks Road to the west and Woodcreek Lane North to the east. Defendants live on Woodcreek Lane North. Defendants opposed the use of the proposed roadway to access Tall Oaks Estates and filed a Petition to Vacate Woodcreek Lane North as a public roadway, pursuant to Ill.Rev.Stat. ch. 121 ¶ 6–303. A public hearing was scheduled and notification of the hearing was provided by publication [1]. A hearing on the issue was held on August 18, 1989 and attended by defendants, but not by plaintiff. On August 21, 1989, the Wayne Township Highway Commissioner filed with the Wayne Township Clerk his Memorandum of Decision to vacate Woodcreek Lane North as a public roadway.

Plaintiff, citing lack of notice and deprivation of due process, filed a four count complaint against the defendant homeowners who petitioned for the vacation of Woodcreek Lane North as a public road.

---

1. By statute, publication in a newspaper was all the notice to which the plaintiff was entitled. Ill.Rev.Stat. ch. 121, ¶ 6–305.

The complaint alleged a conspiracy between Wayne Township officials [2] and defendants to deprive plaintiff of its right to develop the property without due process of law, interference with plaintiff's prospective economic advantage, slander to title of plaintiff's real estate and sought a declaratory judgment that the Plat of Vacation of Woodcreek Lane North was void. Federal jurisdiction was alleged pursuant to 42 U.S.C. § 1983. Westfield requested compensatory damages in the amount of three million dollars and punitive damages in the amount of one million dollars against the homeowner-defendants.

Defendants moved to dismiss the complaint. On June 19, 1990, this court granted that motion in its entirety. Defendants then filed the instant motion for attorney fees and costs, pursuant to 42 U.S.C. § 1988 [3]. Defendants also requested sanctions, pursuant to Fed.R.Civ.P. 11 [4]. Plaintiff has filed a response to the motion for attorney's fees and sanctions [5]. Plaintiff's six page response consists almost entirely of rhetorical questions and admonitions that the court should "picture [itself] in the position of Westfield." Plaintiff's Response, p. 3. Only one citation to case law is made, and that to a dissenting opinion in *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir.1987). Plaintiff's woefully inadequate response does little to convince this court that attorney's fees, costs and sanctions should not be awarded in this case.

A prevailing defendant may be entitled to attorney's fees under 42 U.S.C. § 1988 if the suit was frivolous, unreasonable, vexatious or without foundation or if brought to harass or embarrass defendants. *Hensley v. Eckerhart*, 461 U.S. 424, 429, n. 2, 103 S.Ct. 1933, 1937, n. 2, 76 L.Ed.2d 40 (1983); *Unity Ventures v. County of Lake*, 894 F.2d 250, 253 (7th Cir.1990). A suit which is frivolous in light of unambiguous case law or which lacks a sufficient basis in fact or law is sufficient to meet this standard. *Hamer v. Lake County*, 819 F.2d 1362, 1367 (7th Cir.1987); *Tarkowski v. Lake County*, 775 F.2d 173, 176 (7th Cir.1985). It is not necessary that the prevailing defendant prove either subjective or objective bad faith on the part of the plaintiff, only that the suit was "meritless in the sense that it is groundless or without foundation." *Hamer*, 819 F.2d at 1366. The need for an award of attorney's fees and costs takes on even greater importance when a baseless suit is brought solely to harass or oppress a defendant, such as forcing him to defend against a baseless suit. *Tarkowski*, 775 F.2d at 176. The decision to award attorney's fees and costs is within the broad discretion of the district

2. Curiously, plaintiff filed suit against the defendant homeowners but not Wayne Township officials. Plaintiff freely admits that "omission of the public officials was not an accident" in that plaintiff did not want to "provide, in effect, free legal counsel for those ultimately required to decide the fate of the roadway." Plaintiff's Response, p. 2–3.

3. That statute states, in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

4. That rule, in part, states: "Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's name, whose address shall be stated ... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

5. The court notes that defendants have filed a motion to strike plaintiff's response. In light of the court's ruling today, that motion is moot.

court, and is reviewed under an abuse of discretion standard. *Hamer*, 819 F.2d at 1366.

■ In the instant case, the award of attorney's fees is wholly appropriate. Early on in the litigation, the court voiced its skepticism with the basis for bringing such a suit in this court. Despite this warning, plaintiff proceeded with the suit on the theory that defendants' petitioning of Wayne Township officials and failure to give *personal* notice to Westfield of the hearing concerning the roadway constituted a "conspiracy" to deprive Westfield of the use of the property. Complaint, p. 2–5. Such allegations are spurious. Defendants had complied with all statutory requirements necessary to bring their petitions to the Wayne Township Highway Commissioner, including that of statutory notice by publication. *See*, Ill.Rev.Stat. ch. 121, ¶ 6–305. Notice by publication and a subsequent hearing were given, and were all the process to which Westfield was due under Illinois law. To attempt to lay the blame for Westfield's failure to attend the hearing at the feet of defendants is nothing short of incredible. As noted by the court, "Plaintiff's entire complaint against the defendants [was] based upon nothing more than defendants' exercise of their right, under the first amendment, to petition the government for a redress of grievances." Order of June 19, 1990. Plaintiff's allegations of "conspiracy", even taken as true, fail to show any basis for § 1983 liability against the defendants. A suit against such defendants can, at best, have only one purpose—to harass and intimidate homeowners for exercising their rights. The court finds plaintiff's complaint entirely lacks a sufficient basis in fact or law and is frivolous. The court therefore awards attorney's fees and costs, pursuant to 42 U.S.C. § 1988.

Having found the award of attorney's fees and costs warranted under 42 U.S.C. § 1988, the court turns to the proper calculation of these fees and costs. Under § 1988, a reasonable fee award is to be determined in light of all the circumstances, including the time and effort expended by counsel for the prevailing party, as well as the prevailing market rate for attorneys in the relevant community, i.e. the Chicago area. *See Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 944–45, 103 L.Ed.2d 67 (1989); *Blum v. Stenson*, 465 U.S. 886, 895–96, 104 S.Ct. 1541, 1547–48, 79 L.Ed.2d 891 (1984); *Lightfoot v. Walker*, 826 F.2d 516, 524 (7th Cir.1987). An initial estimate of a reasonable fee is made by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. *Blanchard*, 109 S.Ct. at 945; *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990). The amount may be increased or decreased to reflect factors not subsumed within the initial calculation. *Hensley*, 461 U.S. at 434, n. 9, 103 S.Ct. at 1940, n. 9; *D'Emanuele*, 904 F.2d at 1383.

■ Defendants have provided the court with this initial calculation. According to their calculations, defendants agreed to pay their attorney an hourly rate of $100.00, plus payment of costs and out of pocket expenses. Defendants' Memorandum in Support, p. 3. As documented in defendants' memorandum, defense counsel spent 89.7 hours litigating this action. Both the hourly rate and the amount of time spent are reasonable, taking into account the experience of defendants' counsel and the going rate in the Chicago land area for attorneys. *See Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1159 (7th Cir. 1989). The total amount of reasonable attorney's fees, therefore, is $8,970.00. As well, defendants incurred $288.60 in costs while litigating this suit. This amount is likewise reasonable. The total amount of attorney's fees and costs, therefore, is $9,258.60.

■ Defendants have also moved for sanctions, pursuant to Fed.R.Civ.P. 11. The application of Rule 11 sanctions is well documented in this circuit. The most important purpose of Rule 11 is to deter frivolous litigation and the abusive practices of attorneys. *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir.1988); *Flipside Productions Inc. v. Jam Productions, Ltd*, 843 F.2d 1024 (7th Cir.1988),

*cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988). Compensation, although an important consideration, is not the only purpose underlying Rule 11. *Brown v. Federation of State Medical Boards of U.S.,* 830 F.2d 1429 (7th Cir. 1987). An even more important purpose is deterrence. *Brown,* 830 F.2d at 1438. The Seventh Circuit has stated that it takes Rule 11 violations seriously and expects the district judges, lawyers and litigants to do the same. *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir. 1987).

■ Rule 11 has been interpreted to consist of several strands. There must be reasonable inquiry into both fact and law; there must be good faith (that is, the paper must not be interposed "to harass"); the legal theory must be objectively warranted by existing law or a good faith argument for the modification of existing law; and the lawyer must believe that the complaint is well grounded in fact. *Szabo,* 823 F.2d at 1080. An attorney filing the complaint or other paper must satisfy all four requirements. *Id.* The standard for imposing Rule 11 sanctions is an objective determination of whether the sanctioned party's conduct was reasonable under the circumstances. *Smith,* 845 F.2d at 752. Whether there has been a violation of Rule 11 is essentially a judgment call. *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 933 (1989); *Flipside,* 843 F.2d at 1036. The decision of a district court whether or not to impose Rule 11 sanctions is entitled to deferential review. *Mars Steel,* 880 F.2d at 933.

■ In this case, the award of Rule 11 sanctions is justified. As noted above, defendants had fully complied with the requirements for filing their petitions to vacate the roadway in a lawful manner. Defendants were merely exercising the rights granted to them by the constitution and state law. Analysis of existing law fails to find any support for the filing of a suit against these defendants under these facts. Had plaintiff's counsel made any pre-filing inquiry into the law and facts of this case, they would have realized this. The facts of this case lead the court to the inescapable conclusion that the suit was neither well grounded in fact nor warranted by existing law and was brought solely to make defendants bear the cost of needless litigation. This conclusion is buttressed by the fact that, in both its response to the motion to dismiss and its response to the motion for attorney's fees and sanctions, plaintiff fails to cite any authority to support the filing of this type of suit against these defendants. This suit was entirely frivolous, and the court awards sanctions, pursuant to Rule 11, against the plaintiff.

In deciding the appropriate sanction, the court notes that Westfield's counsel is partially accountable for the filing of this frivolous suit. Rule 11 contemplates that an attorney who signs a pleading or motion certifies that a reasonable inquiry has been made into the law and facts of a case, that the suit is well grounded in fact, legally tenable and "not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.,* — U.S. —, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). The purpose of the rule "is to bring home to the individual signer his personal, nondelegable responsibility" to validate the truth and legal reasonableness of the papers filed. *Pavelic & LeFlore v. Marvel Entertainment Group,* — U.S. —, 110 S.Ct. 456, 460, 107 L.Ed.2d 438 (1990).

As noted earlier, the complaint in this action was not factually justified and was wholly without a basis in existing law. Westfield's counsel had a duty to determine this and has failed in that duty. Such conduct goes to the heart of Rule 11 and demands a sanction. This court believes that the appropriate sanction is censure of Westfield's counsel, and this order shall serve as that censure. A review of the court file reveals that Attorney Donald F. Hemmesch Jr. signed the complaint as counsel for Westfield. Accordingly, the court censures Attorney Hemmesch, pursuant to Rule 11, for the filing of this frivolous lawsuit.

In conclusion, the court notes that Westfield ends its response to this motion by stating that "Neither frivolity nor bad faith

have been components of Westfield's pleading.... Westfield respectfully disagrees with this court's determination that the federal forum is not the answer to Westfield's prayers. It has the right church and the right pew." Plaintiff's Response, p. 6. Although plaintiff may have believed it had the right church and the right pew, and both plaintiff and its counsel may have subjectively believed this suit was warranted, "An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating." *Mars Steel,* 880 F.2d at 932 (citing *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.1986)). Plaintiff had no reason for bringing this suit and litigating in this court. Plaintiff is ordered to pay the amount of $9,258.60 to defendants as an award of attorney's fees and costs under 42 U.S.C. § 1988. Moreover, plaintiff's counsel, Attorney Donald F. Hemmesch Jr. is censured for the filing of this complaint on behalf of Westfield.

IT IS SO ORDERED.