Stephen JENNINGS, D.C., Christine Jennings; Lon A. Kaminski, D.C.; Terry L. Kaminski; and P. Joseph Lisa, Plaintiffs,

v.

John EMRY; Linley Pearson; Patricia Alder; Kenneth Buehrle; Dave Sylvester; Don Dombrowski; Michael A. Minglin; Thomas G. Fisher; Aaron White; Marci Beyer; Rocky McClain; Richard McCord; Donna Bays Beinhart; James Martin; Steven Kellman; John Henry Myers, IV; Rebecca Rouch; Robert Simonson, D.C.; Ronald Kolanko, D.C.; Daniel A. Lane; Richard Hendrickson; David Miller; Scott Newman; Sheldon Breskow; Mark Lundy; and William Devine, Defendants.

Civ. No. L88–56.

United States District Court,
N.D. Indiana,
Lafayette Division.

Nov. 13, 1990.

Kenneth C. Kern, Kenneth C. Kern & Associates, Indianapolis, Ind., Mark Lane, Washington, D.C., for plaintiffs.

Charles S. Brown, Jr., Brown and Brown, New Castle, Ind., for Martin.

John Emry, Franklin, Ind., pro se.

Robert S. Spear, Chief Counsel, Indianapolis, Ind., for defendants.

Lawrence B. O'Connell, James A. Gothard, Gothard & O'Connell, Lafayette, Ind., for Daniel A. Lane.

David M. Haskett, Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, Ind., for Thomas G. Fisher.

Terrill D. Albright, Deborah C. Dochniak, Baker & Daniels, Indianapolis, Ind., James H. Hamm, III, Baker & Daniels & Shoaff, Fort Wayne, Ind., for Sheldon Breskow.

## ORDER

ALLEN SHARP, Chief Judge.

Various defendants in this case have filed motions for sanctions against either the plaintiffs or their counsel, or both. This court has already relieved counsel Mark Lane of responsibility for any violation of Rule 11 of the Federal Rules of Civil Procedure. The court takes full judicial notice of the record in this case and particularly this court's Memorandum and Order of October 5, 1989, as well as the decision of the Court of Appeals of August 16, 1990, now reported as *Jennings v. Emry*, 910 F.2d 1434 (7th Cir.1990). *See also In re Kern*, 555 N.E.2d 479 (Ind.1990); *Medical Licensing Board v. Kaminsky*, 469 N.E.2d 796 (Ind.App.1984).

This court has also read with great care and interest the unverified response of Kenneth C. Kern filed on October 30, 1990. Kern's effort to bring Sheldon A. Breskow into this case as a party defendant was and is wholly unwarranted and without any legal foundation. *See Naked City v. Aregood*, 117 F.R.D. 634 (N.D.Ind.1987). Kern engaged in an obvious and unseemly effort to harass and intimidate Mr. Breskow, the attorney responsible for proceedings against him by the Supreme Court of Indiana and its disciplinary commission in regard to Kern's alleged improper conduct as a lawyer. Kern should have known that any and all claims in this case against Mr. Breskow were wholly without either legal or factual foundation. Sheldon Breskow is entitled to sanctions in the amount of $1,000.00, which shall be paid only by Kenneth C. Kern into the office of the Clerk of this court within thirty (30) days from this date. The Clerk of this court shall pay over the aforesaid sum in full to the law firm of Baker & Daniels at its office in Indianapolis, Indiana, to reimburse that office in small part for the time it spent defending this wholly frivolous and unauthorized set of claims against Sheldon Breskow.

At all times relevant in this case, Thomas G. Fisher acted as a duly elected and authorized Prosecuting Attorney for Jasper County, Indiana, and any claims against him are totally and completely foreclosed by virtue of the *absolute* prosecutorial immunity provided for in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). *See also Wolf v. Napier*, 742

F.Supp. 1014 (N.D.Ind.1990). It does not appear seriously disputed that a request for sanctions under Rule 11 matures when the offending conduct occurs, and may appropriately be decided after the determination of the merits of the underlying case. *See Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.,* 809 F.2d 451 (7th Cir.1987); *Wojan v. General Motors Corp.,* 851 F.2d 969 (7th Cir.1987); and *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir.1987). For a very recent and comprehensive collection of cases in this circuit under Rule 11, see *Westfield Partners, Ltd. v. Hogan,* 744 F.Supp. 189 (N.D.Ill.1990).

This is especially true since specific warnings under Rule 11 had been issued by this court prior to the filing of the amended complaint by Kenneth C. Kern on behalf of these plaintiffs on March 13, 1989. The sole and only purpose of filing this lawsuit against Thomas G. Fisher was to harass him and to cause him to employ counsel to defend claims that are totally without merit. Kenneth C. Kern is now ORDERED to pay a sanction of $1,000.00 in favor of the defendant, Thomas G. Fisher, and within 30 days of this date. Upon receipt of the same, the Clerk of this court shall pay that sum in full over to the law firm of Locke, Reynolds, Boyd & Weisell at its office in Indianapolis.

The court has re-examined this record with regard to the Rule 11 claims of defendant James Martin and has looked at the amended complaint filed March 13, 1989, and at all references thereto in regard to James Martin, who is a private citizen residing in Clinton County, Indiana. Those references appear at rhetorical paragraph 28 of the amended complaint and again at rhetorical paragraphs 85, 92, 94, 96, 97, 98, 102, 106, 110. While the claims asserted in the amended complaint against James Martin appear far-fetched, this court is reluctant to impose sanctions on his behalf against attorney Kenneth C. Kern, and thus declines to do so.

The Attorney General of Indiana has requested sanctions against the plaintiffs and plaintiffs' counsel on behalf of all of the defendants in the case with the exceptions of James Martin, Thomas G. Fisher and Sheldon A. Breskow. These later claims have already been dealt with in this Order.

Again, the court examines the amended complaint filed on March 13, 1989, as it pertains to various claims against the remaining defendants. It is readily apparent that the defendants John Emry, Linley Pearson, Donna Bays Beinhart, Patricia Alder, Richard Hendrickson and David Miller are entitled to immunity under *Mother Goose Nursery Schools, Inc. v. Sendak,* 770 F.2d 668 (7th Cir.1985), *cert. denied,* 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986), as are defendants John Henry Myers IV, Daniel Lane, Rebecca Rouch, Mark Lundy, and William Devine entitled to immunity under *Imbler v. Pachtman,* 424 U.S. at 409, 96 S.Ct. at 984.

With regard to the Attorney General of Indiana and his staff, as above named and the Prosecuting Attorney, John Henry Myers IV, and the various deputy prosecutors, Attorney Kenneth C. Kern is sanctioned for filing a wholly frivolous lawsuit without either legal or factual foundation. This attorney filing the amended complaint on March 13, 1989, had been specifically warned with regard to the prosecution of claims foreclosed by absolute immunity and had been admonished specifically with regard to Rule 11. Kern's failure to heed those warnings and his persistence in filing claims totally without merit and subject to immunity must be sanctioned therefor.

In addition to the above sanctions already imposed, an additional sanction of $1,000.00 is imposed against Kenneth C. Kern and he is ORDERED to pay that sum into the Office of the Clerk of this court in Lafayette, Indiana, within 30 days of the date of this Order. Upon the receipt of that sum, the Clerk of this court is ORDERED to disburse the same to the Attorney General of Indiana in his official capacity to be accounted for by him as official receipts in accordance with the appropriate law and regulations of the State of Indiana. It is further ORDERED that the Clerk of the court shall enter judgment against

Kenneth C. Kern in accordance with the above and foregoing.

This court has resolved a number of doubts regarding this case and the conduct of Kenneth C. Kern in his favor and in favor of the plaintiffs. A very strong argument can be made that, even with regard to other defendants who are not entitled to absolute immunity, the amended complaint was without a legal or factual basis and is therefore subject to sanctions under Rule 11. It has been this court's consistent view that Rule 11 should be applied as against counsel only in narrow, limited and precise circumstances. It is with that in mind that the applications have been made here. As tempting as it might be, in view of the total contents of Judge Eschbach's opinion for the Court of Appeals, this court will not impose further sanctions.

The imposition of a total of $3,000.00 in sanctions in this case, much less than what has been requested, will serve the necessary purpose of warning other counsel that the kind of conduct mentioned here will simply not pass muster under Rule 11. This is certainly parallel with this court's decision in *Naked City v. Aregood*, 117 F.R.D. 634 (N.D.Ind.1987). IT IS SO ORDERED.