**Harold HANSBORO, Jr., Plaintiff,**

**v.**

**NORTHWOOD NURSING HOME, INC., Defendant.**

**No. S92–490M.**

United States District Court, N.D. Indiana, South Bend Division.

July 26, 1993.

---

**8.** 735 ILCS 5/13–206 (1993).

Wilson T. Turner, Indianapolis, IN, for plaintiff.

Kathleen K. Brickley, South Bend, IN, for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Defendant Northwood Nursing Home ("Northwood") seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Northwood seeks $9,808.05 in attorney fees, and $723.63 in expenses from Wilson Turner Jr., the plaintiff's attorney. Mr. Turner has not responded to Northwood's motion. For the reasons that follow, the court finds that the defendant's motion must be granted in part and denied in part. Familiarity with the facts and prior opinion in the case is presumed.

Plaintiff Harold Hansboro, Jr. filed a charge with the EEOC alleging that Northwood had discriminated against him because of his sex; he filed this lawsuit alleging that Northwood had discriminated against him because of his race. Northwood notified Mr. Hansboro several times that his complaint was defective because he had failed to exhaust his administrative remedies. At the telephonic status conference held on March 10, 1993, Northwood's counsel indicated that the defendant would be filing a motion to dismiss the action based upon the fact that Mr. Hansboro's complaint alleged race discrimination while his EEOC charge alleged sex discrimination; the court afforded both parties until March 24 to amend their pleadings. Neither party moved to amend their pleadings. On April 26, Northwood moved

for summary judgment because Mr. Hansboro failed to exhaust his administrative remedies; the court granted the motion. Northwood then filed a motion for Rule 11 sanctions against Mr. Turner.

 Rule 11 requires an attorney or party to sign pleadings filed before the court; that signature acts as a certificate that the signer has read the pleading, and that the pleading is "well grounded in fact and warranted by existing law." Fed.R.Civ.P. 11. Whether to award Rule 11 sanctions is within the district court's discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 881 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2994, 125 L.Ed.2d 688 (1993).

 One goal of Rule 11 is to impose costs on careless or reckless lawyers. *Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 646 (7th Cir.1992). Mr. Turner was careless in the prosecution of this suit. He received repeated warnings from opposing counsel that the complaint he filed on Mr. Hansboro's behalf alleged a type of discrimination different from that in the EEOC charge. The court gave Mr. Turner an opportunity to amend the complaint to conform with the EEOC charge. Mr. Turner did nothing; thus, Rule 11 sanctions are appropriate.[1]

 The only question remaining is the appropriate amount of sanctions to impose upon Mr. Turner. Northwood seeks $10,531.68 in attorney fees and expenses which it incurred in defending this action. Mr. Turner's failure to respond tempts the court to grant Northwood's motion in full, but the amount requested is excessive in light of the purpose of Rule 11.

 The main purpose of Rule 11 is to deter, not to compensate. *See Pavelic & Le Flore v. Marvel Entertainment Group*, 493 U.S. 120, 126, 110 S.Ct. 456, 460, 107 L.Ed.2d

438 (1989) (the purpose of the Rule "is not reimbursement but 'sanction'"). In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 393, 110 S.Ct. at 2454, the Court stated that an appropriate sanction "may, but need not, include payment of the other parties' expenses", but any interpretation of Rule 11 must give effect to "the Rule's central goal of deterrence." This does not mean that compensation is not a goal of Rule 11. In some situations, compensation and deterrence may be compatible, *Brandt v. Schal Associates*, 960 F.2d at 646, and the "make whole approach" may best serve the goals of Rule 11. *See Borowski v. DePuy, Inc.*, 876 F.2d 1339, 1342 (7th Cir.1989). But the court always must exercise discretion in applying Rule 11 with reference to the purposes Rule 11 was meant to serve. *Brandt v. Schal Associates*, 960 F.2d at 645.

The court does not believe that a sum in excess of $10,000.00 is reasonable, either as a sanction or as compensation, for this Rule 11 violation. The defense of this suit cannot have been limited to noticing the variance between the complaint and the EEOC charge. It appears to have been anticipated at the pretrial conference that an amended complaint would be filed and that the case would proceed. The defense cannot be faulted for preparing to meet a case based on the anticipated amended complaint, but neither can the court say that the entire cost of the defense was attributable to the Rule 11 violation. The court never ruled that there was no sex discrimination, and Northwood never was called upon to defend that claim in this court.

The court believes that a sanction in the sum of $2,500.00 is adequate to encourage Mr. Turner to review his future filings with any court more carefully, and to heed warnings given by opposing counsel that a complaint is facially defective, *see Jennings v. Emry*, 133 F.R.D. 134, 136 (N.D.Ind.1990) (attorney's failure to heed warnings and his persistence in filing meritless claims may be

---

1. In response to Northwood's motion for summary judgment, Mr. Turner stated that his assistant made a mistake when typing the complaint. Mr. Turner, however, signed the complaint; he cannot transfer responsibility to another for his failure to read the complaint. *See Pavelic & Le*

*Flore v. Marvel Entertainment Group*, 493 U.S. 120, 126, 110 S.Ct. 456, 460, 107 L.Ed.2d 438 (1989) ("the purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility").

sanctioned), and to compensate Northwood for the reasonable cost of seeking judgment based on what was, after the deadline for amendments passed, a patent, incurable, and inescapable variance between the complaint and its necessary attachment.

Accordingly, the defendant's motion for Rule 11 sanctions is GRANTED IN PART, and the court ORDERS that Mr. Turner pay the defendant $2,500.00 in attorney fees incurred because of the Rule 11 violation.

SO ORDERED.