**Ollie Belle ROSS, individually and as Administrator of the Estate of William Ross, Deceased, Plaintiff,**

v.

**COUNTY OF LAKE in the State of Illinois, et al., Defendants.**

No. 86 C 5882.

United States District Court, N.D. Illinois, E.D.

May 28, 1991.

---

Cindy M. Johnson and Forrest L. Ingram, J. Barton Kalish & Colleagues, Chicago, Ill., for plaintiff.

Daniel P. Field, Brydges, Riseborough, Morris, Franke and Miller, Waukegan, Ill., for defendants County of Lake, Clinton Grinnell and Lorraine Johnson.

David A. Novoselsky, David A. Novoselsky & Associates, Chicago, Ill., for defendant City of Waukegan.

## ORDER

BUA, District Judge.

This civil rights case, which was originally brought before this court in 1986, has slowly wended its way through the federal court system and, after several years, remains at the pleading stage. When the case was in its infancy, this court denied the defendants' motion to dismiss. Shortly thereafter, the case was reassigned to Judge Zagel. Plaintiff Ollie Belle Ross then filed an amended complaint, prompting the defendants to file a renewed motion to dismiss. Judge Zagel granted the motion, and Ross appealed. Judge Zagel's decision was affirmed in part, reversed in part, and remanded to the district court. 910 F.2d 1422 (7th Cir.1990).[1] Through random assignment, the case has found its way back to this court on remand.

■ On January 8, 1991, this court entered an order allowing Ross to file a second amended complaint. One of the defendants, the City of Waukegan (the "City"), now moves to vacate that order. In the alternative, the City seeks dismissal of Ross's claims.[2] Another defendant, the

---

**1.** The relevant facts of this case are fully set forth in the Seventh Circuit opinion, and they will not be recited here.

**2.** Based on her "hypothesis" that the City is bringing its motion pursuant to Fed.R.Civ.P. 59(e), Ross suggests that the motion is untimely. Under Rule 59(e), motions to alter or amend a judgment must be filed not later than 10 days from the entry of judgment. Despite Ross's so-called hypothesis, Rule 59(e) is wholly inapplicable to this case. The City is not seeking to alter or amend a judgment; this court has not even entered judgment. The City is simply seeking to vacate an interlocutory order. The briefing schedule for the City's motion was set in open court with the agreement of the parties. The City filed its motion pursuant to that schedule. Ross, therefore, is in no position to complain of the untimeliness of the motion.

County of Lake (the "County"), has also moved to dismiss the second amended complaint.[3] Ross has responded to the County's motion by filing a motion to strike certain portions of the motion. The court shall address the City's motion to vacate first.

■ In her second amended complaint, Ross asserts several state law claims against the City. According to the City, these claims are barred by the mandate of the Seventh Circuit. The City is correct. After Judge Zagel dismissed the federal claims against the City, he declined to exercise pendent jurisdiction over the remaining state law claims. The Seventh Circuit affirmed Judge Zagel's disposition of the claims against the City, and stated: "The city of Waukegan should be dismissed as a defendant to this suit." *Id.* at 1429. Under the mandate of the Seventh Circuit, Ross may not seek relief from the City in this proceeding.

Ross admits that the state law claims asserted in her second amended complaint mirror the claims of the first amended complaint. *Plaintiff's Response to the City's Motion to Vacate*, at 14. Nonetheless, she argues that this court has discretion to hear the claims because pendent jurisdiction, in the first instance, is discretionary. This argument is disingenuous. Merely because Judge Zagel had discretion to hear the claims does not mean that this court has discretion to reinstate them after they have been properly dismissed. Since the dismissal was upheld on appeal, this court has no choice but to follow the mandate. Ross must pursue her claims against the City in state court.

Rather than vacate the order allowing Ross to file her second amended complaint, the court elects to dismiss the City from this lawsuit. The second amended complaint does not violate the mandate in its entirety; the complaint is defective only to the extent that it asserts claims against the City. Accordingly, the City's motion to

vacate is denied and its motion to dismiss is granted.

In connection with its motion to vacate or dismiss, the City moves to strike the special interrogatories propounded by Ross. Now that the City is dismissed from this lawsuit, it obviously does not have to respond to Ross's interrogatories. The City's motion to strike is granted.

■ The City also urges the court to impose sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. The City contends that Ross should be sanctioned for continuing to pursue claims that have already been dismissed. Indeed, this is a borderline case for sanctions. On the one hand, Ross's attempts to add the City as a defendant are contrary to the mandate of the Seventh Circuit. But, on the other hand, Ross's conduct does not appear to be motivated by an improper purpose, such as harassment or delay. The City will have to defend the very same claims in state court. Much of the evidence relevant to this proceeding will also be used in state court. Undoubtedly, many of the same witnesses will also have to appear in both proceedings. Considering the fact that the claims against the City and the other defendants in this suit stem from the same incident, a single trial would have the benefit of reducing the expense and inconvenience incurred by the litigants in particular, and the court system in general. At any rate, while Ross's apparent disregard for the Seventh Circuit's mandate is not to be condoned, this court does not believe that sanctions are warranted under the unique facts and procedural history of this case. The City's motion for sanctions pursuant to Rule 11 and § 1927 is denied.

Having disposed of the City's motions, the court now turns to Ross's motion to strike. Ross moves to strike paragraphs 2–9 of the County's motion to dismiss. In those paragraphs, the County essentially contends that it did not owe a duty to Ross and that, in any event, it enjoys govern-

---

**3.** The motion to dismiss was filed on behalf of the County itself, as well as two other named defendants who are affiliated with the County: Clinton Grinnell (Sheriff of Lake County) and

Lorraine Johnson (special administratrix of the estate of Gordon Johnson, a deputy of the Sheriff of Lake County). The court refers to these defendants collectively as "the County."

mental immunity. In moving to strike paragraphs 2–9, Ross asserts that this court previously resolved the same issues against the County when the court denied the County's motion to dismiss on June 9, 1987. According to Ross, the "law of the case" precludes the County from raising these arguments now.

The doctrine of the law of the case is "a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter." *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir.1989) (quoting *Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir.1972)). The law of the case is most commonly applied to proceedings on remand from the court of appeals. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir.1987). Ross, however, does not invoke the doctrine to preclude a reconsideration of issues that were decided by the court of appeals; she contends that the order entered by this court in 1987 governs the County's current motion to dismiss.[4] Assuming, as Ross alleges, that the court's prior ruling is relevant to the County's current motion, the law of the case does not preclude this court from reconsidering the ruling. Prior to the entry of judgment, this court may certainly re-examine its own nonfinal orders. *See Diaz v. Indian Head, Inc.*, 686 F.2d 558, 562–63 (7th Cir.1982). Ross's motion to strike is denied.

In denying Ross's motion, the court is expressing no opinion on the merits of the County's motion to dismiss. The court is simply providing the parties with an opportunity to fully address a critical legal issue that was first presented four years ago. During the intervening time period, the posture of this case has changed considerably. Ross has amended her complaint twice; her claims and underlying allegations have been revised. A fresh look at the law in relation to Ross's second amended complaint will facilitate the proper adjudication of these issues.

The parties shall now direct their attention to the County's motion to dismiss. In briefing this motion, the parties should thoroughly research the County's duty, if any, to provide the police and safety services at issue, and the extent to which the County is shielded from liability by governmental immunity. The court directs the parties to exhaustively explore these issues because the court will not entertain any further motions to reconsider.

In sum, the court denies the City's motion to vacate, but grants its motion to dismiss. The City's motion to strike Ross's special interrogatories is also granted. The City's motion for sanctions is denied. Ross's motion to strike is denied.[5]

IT IS SO ORDERED.

---

4. This court's ruling never reached the Seventh Circuit. As noted above, the case was reassigned to Judge Zagel after this court denied the County's motion to dismiss. Judge Zagel subsequently dismissed Ross's federal claims, and declined to exercise jurisdiction over the state law claims. The Seventh Circuit reversed, finding that Ross had stated a federal claim against the County. 910 F.2d at 1431. In conjunction with this ruling, the court ordered the state law claims reinstated because Judge Zagel dismissed those claims without considering their merits. *Id.* Consequently, the Seventh Circuit did not address the merits of the state law claims at issue.

5. The court feels compelled to address one final matter—namely, the total lack of civility displayed by the parties in this case. Throughout their briefs, both sides repeatedly berate one another, to the detriment of a cogent, clearly-reasoned legal presentation. In many instances, the parties exchange invectives. It is reflective of their uncompromising approach to the litigation and openly disdainful attitude toward each other.

The court expresses these concerns because of the unfortunate and growing trend of incivility among the members of the bar. Such destructive behavior typically results in precipitous (and often avoidable) motions to compel or motions for sanctions that threaten a fair resolution of the litigation. The court will not permit any further abusive conduct which, ultimately, works to the disadvantage of the client and the court's calendar. The type of ad hominem argumentation that the litigants have showcased thus far will not be tolerated in the future.