**Richard V. MARTENSON, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 84–1894.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 23, 1984.

Decided Nov. 21, 1984.

Mark Arth, St. Paul, Minn., for appellant.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Richard V. Martenson filed suit in Tax Court for a redetermination of tax for 1979 and 1980. The government filed a formal request for admissions without complying with the informal consultation requirement of *Odend'hal v. Commissioner,* 75 T.C. 400 (1980); *International Air Conditioning Corp. v. Commissioner,* 67 T.C. 89 (1976); and *Branerton Corp. v. Commissioner,* 61 T.C. 691 (1974). Martenson sought and obtained a protective order, and then moved for attorneys' fees and expenses. The court summarily denied the motion and a motion for reconsideration. This appeal followed.

Because the order denying costs and attorney fees for actions relating to the protective order was interlocutory and the case is still pending in the Tax Court, this Court lacks jurisdiction. Martenson argues that this Court has jurisdiction under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949), and more specifically *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); and *Obin v. District No. 9,* 651 F.2d 574 (8th Cir.1981).

Martenson's reliance on *White* and *Obin* is misplaced, however, because both involved the appealability of post-judgment orders determining attorneys' fees. The denial of a prejudgment motion for costs and fees is a non-appealable interlocutory order. *See e.g., Coleman v. Sherwood Medical Industries,* 746 F.2d 445 at 446–447 (8th Cir.1984).

Accordingly, this appeal is dismissed for lack of jurisdiction. *See* 8th Cir.R. 12.