**FRED A. SMITH LUMBER COMPANY, an Illinois Corporation, Plaintiff–Appellee,**

v.

**Norman EDIDIN, Gary Edidin and Sam Pancotto, Defendants–Appellants.**

Nos. 87–2965, 87–2966.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1988.

Decided May 9, 1988.

---

Andrew T. Staes, Jeffrey Neal Cole, Ltd., Richard S. Reizen, Joyce & Kubasiak, Chicago, Ill., for defendants-appellants.

Stephen Swofford, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Once again this Court examines a district court's conclusion that a party's conduct in a particular case did not violate either Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1927. Because a *de novo* review of the district court's order denying sanctions in this case reveals the actual propriety of such an award, we reverse and remand.

Our examination of the protracted history of this case chronicles both the vexatious litigation tactics and the frivolous nature of the suits pursued by the plaintiff, Fred A. Smith Lumber Company (FASCO), against defendants Sam Pancotto, Norman Edidin and Gary Edidin. FASCO's claims concern the February 6, 1980 execution of a note by Transcontinental Development Corporation (TDC) payable by TDC to FASCO for work it was performing on a construction project for TDC. FASCO contends that violations of both the Racketeer

Influenced and Corrupt Organizations Act (RICO) and federal securities laws arose from the defendants' allegedly fraudulent misrepresentation that TDC could pay the note.

After FASCO obtained a judgment against TDC in the Circuit Court of Du-Page County in March 1984, it initiated further state court litigation against Pancotto to hold him personally liable for the corporate debts. The state trial court dismissed FASCO's attempts to collect individually from Pancotto on November 19, 1984, and on appeal, on June 21, 1985, the Illinois Appellate Court concluded that to permit any further efforts by FASCO would "in effect, sanction a fishing expedition by the plaintiff and further harassment of the parties involved." (Pl.App. at p. 16).

FASCO filed its complaint in federal court on January 21, 1986, nearly six years after its various causes of action allegedly arose. After receiving FASCO's complaint, which basically phrased its previous state law claims in RICO terms, Pancotto's counsel alerted FASCO to the potential statute of limitations and *res judicata* bars to its lawsuit. When Pancotto moved to dismiss, FASCO withdrew its original complaint and filed an amended version which deleted reference to the suit's untimeliness, added the Edidins as defendants, and asserted an additional allegation of a federal security violation. This complaint was dismissed by the district court on October 28, 1986, which held that all counts were barred on statute of limitations grounds. A second amended complaint filed by FASCO was also dismissed in its entirety by that same court on June 16, 1987.

Both defendants then filed motions for attorneys' fees and costs of approximately $19,000 against FASCO pursuant to Rule 11, 28 U.S.C. § 1927, and the district court's "inherent" power to award sanctions. These motions were denied on October 26, 1987, with the sole justification from the court following: "In light of the split within the Seventh Circuit prior to the Appellate Court's recent pronouncements, the plaintiff's RICO counts constituted colorable claims at the time they were filed."

■ The legal conclusion that counsel's conduct in this case did not constitute a Rule 11 violation is reviewed *de novo* by this Court. *S.A. Auto Lube, Inc. v. Jiffy Lube International, Inc.*, 842 F.2d 946, 948 (7th Cir.1988). We also note that "the decision whether there has been a violation is a judgment call." *Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 843 F.2d 1024, 1036 (7th Cir.1988) (quoting *In the Matter of Central Ice Cream Co.*, 836 F.2d 1068, 1072 (7th Cir.1987)). While this Court applies a deferential standard of review on the question whether FASCO's asserted filings violated Rule 11, we disagree with the district court's erroneous conclusions regarding counsel's conduct in this case. The record here is replete with numerous violations of Rule 11 and Section 1927, and the fact that the district court failed to consider the validity of each of appellants' claims separately, *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987), only reinforces our holding reversing and remanding for sanctions.

Initially, we describe the standards for the three grounds for sanctions requested by defendants. Rule 11 imposes an affirmative duty of reasonable investigation on an attorney signing any court paper. Whether the pre-filing investigation was reasonable depends on the circumstances of each case, *S.A. Auto Lube*, 842 F.2d at 949, and the signer's investigation need not be carried to the point of certainty. *Nemmers v. United States*, 795 F.2d 628, 632 (7th Cir.1986). "The amount of investigation required by Rule 11 depends on both the time available to investigate and on the probability that more investigation will turn up important evidence; the rule does not require steps that are not cost-justified." *Szabo Food Service*, 823 F.2d at 1083. In *Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1433 (7th Cir.1987), we noted several factors bearing on whether a signer's inquiry into the facts was reasonable:

whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

830 F.2d at 1435.

Rule 11 provides two grounds for sanctions, namely, the "frivolousness clause" and the "improper purpose" clause. *Id.* at 1435. The frivolousness clause requires that the party or the attorney conduct a reasonable inquiry into the facts and the law relevant to the case. *Id.* The improper purpose clause ensures "that a motion, pleading, or other document may not be interposed for purposes of delay, harassment, or increasing the costs of litigation." *Id.* at 1436. The standard for imposing sanctions under either prong of Rule 11 is an "objective determination of whether the sanctioned party's conduct was reasonable under the circumstances." *Id.* at 1435. We must determine only whether the arguments actually advanced by counsel were reasonable, and not whether reasonable arguments could have been advanced in support of counsel's position. *In re Ronco, Inc.*, 838 F.2d 212 (7th Cir.1988).

Also, as we pointed out in *Brown*, the most important purpose of Rule 11 sanctions is to deter frivolous litigation and the abusive practices of attorneys. *Id.* at 1438; see also *Flip Side Productions*, 843 F.2d at 1036. This same policy also leads to the implementation of 28 U.S.C. § 1927, the second basis for sanctions proffered by defendants. Section 1927 provides for the award of attorneys' fees and costs against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." This provision "permits a court to insist that the attorney bear the cost of his own lack of care." *In Re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir.1985); see also *Ordower v. Feldman*, 826 F.2d 1569, 1573 (7th Cir.1987). Also, as noted by this Court

and suggested by defendants as a final ground for sanctions, a district court has the inherent authority to impose sanctions against an attorney who has acted in bad faith. *TCI*, 769 F.2d at 446.

■ At first glance we recognize this as a case in which a district judge denied a substantial motion for sanctions without really providing a reason, save that FASCO's RICO counts were colorable at the time of filing. The court failed to address defendants' arguments in their fee request both that FASCO's claims were barred by the statutes of limitations as well as that FASCO's securities fraud allegations were meritless. This failure in itself requires a remand for more complete consideration, as each of defendants' claims must be specifically and separately analyzed. *Frantz v. United States Power Lifting Federation*, 836 F.2d 1063 (7th Cir.1987); *Szabo*, 823 F.2d at 1075. To avoid prolonging and complicating Rule 11 satellite litigation, see *Flip Side Productions*, 843 F.2d at 1036, the district courts must provide more specific findings in ruling on requests for attorneys' fees and costs for our subsequent review.

■ To guide the district court in this remand, we illustrate below the numerous violations of Rule 11 and Section 1927 that flow from FASCO's suit.

1. Each of FASCO's complaints was barred on its face by the statute of limitations. In its brief and at oral argument, counsel for plaintiff admitted that the original complaint was filed nearly six years after the last alleged misrepresentation. This was done in light of a four-year statute of limitations under RICO and a five-year statute of limitations for common law fraud in Illinois. At the time of filing, district courts in this Circuit were split as to whether the applicable limitations period for RICO claims was two or five years. Yet, as noted by the district court in this case,

> regardless of which limitations period this court adopts ... the plaintiff's RICO claim is barred, since the plaintiff filed the case later than five years after the

claim accrued. Likewise, given the three-year statute of limitations for securities fraud, the securities claim is also barred.

The behavior of counsel in this case thus resembles that of the attorney in *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists,* 802 F.2d 247 (7th Cir.1986), where this Court held that "No competent attorney who made a reasonable inquiry into the state of the law ... could have thought the [pleading] had any possible merit. He should have known it was time-barred." *Id.* at 255.

Moreover, we are further disturbed by FASCO's failure to address our decision in *Ordower v. Feldman,* 826 F.2d 1569 (7th Cir.1987), an analogous case where this Court upheld an award of sanctions against a plaintiff after the complaint's defects were pointed out by defendants in their motions to dismiss. It appears that FASCO is employing "[t]he ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist," *Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1198 (7th Cir.1987), unprofessional behavior this Circuit refuses to tolerate.

Finally, FASCO's attempts to avoid the statute of limitations bar by raising fraudulent concealment claims were properly dismissed by the court below. FASCO failed to plead defendants' alleged concealment with particularity, *Appley v. West,* 832 F.2d 1021 (7th Cir.1987), merely stating that TDC was incapable of making good on the note and that Pancotto knew this.

2. FASCO contended below as well as on appeal that the defendants violated Section 10(b) of the Securities Act by executing the promissory note knowing full well that TDC could not pay it. But FASCO failed to offer any supporting facts for its securities fraud claims; no facts alleged in the complaint indicated that the plaintiff was investing in TDC. Moreover, neither was the note in question offered to any investor class nor did the defendants obtain investment assets in exchange for the note. The district court here found that "TDC owed the plaintiff money and the parties merely exchanged one evidence of debt (the lien) for another (the note)."

Under this Court's "commercial/investment" test for determining what constitutes a security, there was no possible way that a claim could be stated against the defendants. Under that test, where a note is part of an investment rather than a commercial transaction, it may be considered a security for purposes of the Securities and Exchange Act of 1934. See *CNS Enterprises, Inc. v. G. & G. Enterprises,* 508 F.2d 1354, 1357 (7th Cir.1975), certiorari denied, 423 U.S. 825, 96 S.Ct. 38, 46 L.Ed.2d 40. Yet as found below, a reading of the complaint in this case demonstrates that the transaction was purely commercial and that the note was not a security. At oral argument, counsel for FASCO, in pointing out that other circuits employed different litmus tests for ascertaining what is a security, claimed that it was really seeking a good faith modification of the law. We fully acknowledge that courts must be careful not to chill either creativity or objectively reasonable efforts to extend or change the law. *Brown,* 830 F.2d at 1435. However, after carefully examining counsel's arguments, as we must, *Szabo,* 823 F.2d at 1083, we believe that FASCO's counsel ignored existing law in its search to sue for alleged securities violations, as it tried earlier to fit its case within this Circuit's commercial/investment test for a security. But the law remains clear that a simple commercial promissory note between a borrower and lender is not a security. *CNS,* 508 F.2d at 1362–1363. Sanctions on this claim were warranted, and the failure of the district court to address whether or not the securities fraud claim was colorable certainly merits a remand.

3. In stating its RICO claim, FASCO asserted that the defendants executed two frauds through the use of the mails and wires. First, it alleges that it was fraudulently induced to accept a note from TDC in exchange for FASCO's release of its security interest in certain of TDC's property. And second, FASCO claims that the defendants fraudulently concealed their wrongdoing.

In reviewing FASCO's claims, the court below noted the Seventh Circuit's decisions regarding the "pattern" requirement in RICO cases. It then held that

> no matter how one reads the pleadings in this case, it is clear that the plaintiff was defrauded but once out of $240,000.00. It is inconceivable that concealment of the alleged fraud itself may be used as a "second injury," distinct from the harm precipitated by the fraud, for purposes of alleging the requisite pattern of racketeering activity.

The court then dismissed the RICO count. But on review of defendants' request for fees, the court merely stated that FASCO's claims arguably were colorable when filed. Our review of the law in this Circuit at that time reveals a contrary conclusion: FASCO's RICO claims in the Second Amended Complaint were objectively unreasonable. Our decisions in *Lipin Enterprises v. Lee*, 803 F.2d 322, 324 (7th Cir.1986), and *Morgan v. Bank of Waukegan*, 804 F.2d 970, 974 (7th Cir.1986), in force when FASCO's counsel filed its claims, establish that a single scheme with a single victim and a single injury could not constitute a pattern of racketeering activity. The district court in this case dismissed the RICO counts, finding FASCO's case "weaker in its facts" than either *Morgan* or *Lipin*. FASCO has failed to convince this Court that it did undertake the required inquiry of the relevant case law before filing its complaint.

4. A final representation of the inappropriate lawyering here is found in the various correspondence between the parties at each stage in the litigation. The record of this correspondence is based on FASCO counsel's admissions, counsel for appellants' uncontroverted affidavits, and several exchanges of letters between the parties. Early on in this case, FASCO's counsel informed appellants' counsel that it did not know the basis of liability against the de-

fendants but it still was proceeding with its action. Moreover, after all of the complaints' defects were mentioned to FASCO's counsel, it continued to persist in bringing the objectively unreasonable claims.

This case presents an appropriate occasion for imposing sanctions. It is apparent that FASCO's counsel failed to do the requisite legal research, that it persisted in advancing the objectively unreasonable claims already discussed, and that it generally acted in bad faith by filing a complaint for fraud in the hope that future discovery might uncover the allegations of wrongdoing. *Szabo*, 823 F.2d at 1083.

Misrepresentations of the controlling law in this case "unreasonably multiplied the proceedings" and the prompt resolution of real issues. 28 U.S.C. § 1927. The arguments advanced to the district court as well as to this Court provide evidence of bad faith sufficient to satisfy the test for Rule 11 sanctions. While Rule 11 is not directly applicable to proceedings on appeal, it provides this Court with guidelines to mete out sanctions. *Hill*, 814 F.2d at 1200. Following those guidelines as interpreted by recent decisions of this Circuit only further supports our conclusion remanding to the district court to award costs and fees on appeal.

We therefore reverse the district court's denial of sanctions and remand for further proceedings consistent with this opinion.*

---

* At oral argument, appellants requested that we award them attorneys' fees and costs incurred on appeal pursuant to Rule 38, Fed.R.App.P. This Court hesitates to impose sanctions where a party had no real opportunity to argue against them. *Inter. Union of Operating Engineers v. Centor Contractors*, 831 F.2d 1309 (7th Cir.

1987). Moreover, an appellee defending a district court ruling cannot be sanctioned for a frivolous appeal. *Local 106, Service Employees Int'l Union v. Homewood Memorial Gardens*, 838 F.2d 958 (7th Cir.1988). Accordingly, we deny the request.