Thomas V. CASSIDY, Plaintiff,

v.

Douglas J. CASSIDY, Defendant–Appellant,

Arthur T. Susman and P. Terrence Buehler, Appellees.

No. 91–1125.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 7, 1991.

Decided Dec. 3, 1991.

P. Terrence Buehler, Arthur T. Susman (argued), Susman, Saunders & Buehler, Chicago, Ill., for plaintiff.

Paul S. Gerding (argued), Schuyler, Roche & Zwirner, Chicago, Ill., for defendant-appellant.

Arthur T. Susman, pro se.

P. Terrence Buehler, pro se.

Before COFFEY and EASTERBROOK, Circuit Judges, and CRABB, District Judge.[*]

EASTERBROOK, Circuit Judge.

Thomas Cassidy filed this diversity action against his brothers Owen and Douglas, contending that they owe him some $320,000 for legal services. The district court dismissed the complaint to punish Thomas for exerting improper influence over potential witnesses, and we affirmed. 923 F.2d 856 (1991). Douglas asked for sanctions under Fed.R.Civ.P. 11 against Thomas and his two lawyers, Arthur T. Susman and P. Terrence Buehler. The district court denied the motion with respect

to Susman and Buehler, concluding that they were entitled to rely on a statement Thomas prepared in anticipation of litigation. 1990 WL 250400, 1990 U.S.Dist. Lexis 16950 (N.D.Ill.). The court reserved judgment to the extent the motion sought sanctions from Thomas personally. Douglas immediately filed this appeal.

Several cases, prominent among them *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2457–61, 110 L.Ed.2d 359 (1990), and *Kraemer v. Grant County*, 892 F.2d 686 (7th Cir.1990), pose formidable obstacles to Douglas's effort to overturn the district court's conclusion that inspection of Thomas's lengthy statement, which he dictated to a court reporter, satisfied the attorneys' obligation to investigate before filing the complaint. Another, and preliminary, hurdle is insuperable: we lack appellate jurisdiction.

Decisions on the merits and post-judgment decisions on attorneys' fees are separately appealable. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). That principle must carry over to sanctions awarded (or denied) after judgment under Rule 11. *TMF Tool Co. v. Muller*, 913 F.2d 1185 (7th Cir.1990). Here the wrinkle is that, although Douglas sought an award against three persons (Thomas and his two lawyers), the district court has yet to act on the demand that Thomas be sanctioned. *Budinich* treats the decision on the merits and post-judgment decisions on ancillary matters as if they were separate cases. Seen as a separate judicial unit, the demand against Thomas and the lawyers has not been finally resolved. Until the district court wraps up the complaint against all parties, or enters a partial judgment including the findings required by Fed.R.Civ.P. 54(b), there is no final and appealable decision.

Douglas contends that the district court's decision concerning the two lawyers may be appealed under the "collateral order doctrine" of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). But to what other proceeding is this decision "collateral"? And why may its resolution not wait until the disposition of the claim

[*] Hon. Barbara B. Crabb, Chief Judge of the Western District of Wisconsin, sitting by designation.

against Thomas? We have used *Cohen* to assume jurisdiction of appeals from orders awarding attorneys' fees and other sanctions, observing that the award is independent of the merits and the transfer of funds poses a risk that a party prevailing at the end of the case will be unable to recoup the money. *Richardson v. Penfold*, 900 F.2d 116 (7th Cir.1990); *Palmer v. Chicago*, 806 F.2d 1316 (7th Cir.1986); *Frazier v. Cast*, 771 F.2d 259 (7th Cir.1985); but see *G.J.B. & Associates, Inc. v. Singleton*, 913 F.2d 824 (10th Cir.1990). If, however, the district court denies a request for fees or sanctions, review waits until the end of the case. *People Who Care v. Rockford Board of Education*, 921 F.2d 132 (7th Cir.1991). See also *Dardar v. LaFourche Realty Co.*, 849 F.2d 955 (5th Cir.1988); *Martenson v. CIR*, 748 F.2d 489 (8th Cir. 1984).

An order is appealable as "collateral" only if the decision conclusively resolves the matter in issue, is "completely separate" from the merits of the action, and is "effectively unreviewable on appeal from a final judgment." *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985); see also, e.g., *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989). The district court has not issued a decision that resolves a question "completely separate" from the merits; the only issue remaining for decision is whether Thomas shall be sanctioned, which is hardly "completely separate" from the claim against his lawyers. The decision is not "effectively unreviewable on appeal"; once the district court acts on the claim against Thomas, an appeal will present all questions concerning sanctions. Such an appeal is by far the best way to handle things. Questions concerning counsel's behavior cannot be separated neatly from questions concerning Thomas's. Douglas asks us to peruse Thomas's 109-page "prelitigation statement", which Douglas characterizes as bizarre; lawyers could not reasonably rely on such a document, he insists. The contents of that statement lie at the core of Douglas's demand against Thomas personally. Having three judges noodle through it on one appeal and another three in a second appeal would be senseless—especially after three judges have already done this to decide the merits. We might as well hear the entire dispute in banc! *Cohen* does not establish such a substantial erosion of the principles established by the final decision rule of 28 U.S.C. § 1291. The appeal is dismissed for want of jurisdiction.