Ollie B. ROSS, individually and as Administrator of the Estate of William ROSS, Deceased, Plaintiff–Appellee, Cross–Appellant,

v.

CITY OF WAUKEGAN, Defendant–Appellant, Cross–Appellee.

Nos. 92–1349, 92–1350 and 92–1439.

United States Court of Appeals, Seventh Circuit.

Argued May 4, 1993.

Decided Sept. 23, 1993.

Louis R. Hegeman, Kathryn S. Matkov (argued), Gould & Ratner, Chicago, IL, Forrest L. Ingram, Kalish & Colleagues, Chicago, IL, Cindy M. Johnson, Teller, Levit & Silvertrust, Chicago, IL, Gail Bley, Chicago, IL, for plaintiff-appellee.

David A. Novoselsky (argued), Novoselsky & Associates, Chicago, IL, for defendant-appellant.

Before CUMMINGS and RIPPLE, Circuit Judges, and WILLIAMS, Senior District Judge.*

* The Honorable Spencer M. Williams of the United States District Court for the Northern District of California is sitting by designation.

RIPPLE, Circuit Judge.

This is an appeal from the district court's denial of the City of Waukegan's request for sanctions against Ollie Belle Ross, under Federal Rule of Civil Procedure 11, pursuant to 28 U.S.C. § 1927 (1988), and under Federal Rule of Appellate Procedure 38. The City submits that Ms. Ross has maintained frivolous litigation. Additionally, Ms. Ross cross-appeals from the district court's denial of her motion for leave to file a third amended complaint. For the reasons that follow, we affirm in part, and vacate and remand in part.

## I

## BACKGROUND

### A. *Facts*

On August 11, 1985, the City of Waukegan, Illinois held its annual Waukegan Lakefront Festival on the shores of Lake Michigan. During the festival, William Ross, twelve years old, and a friend wandered onto a breakwater that extended out into the lake. The boy slipped and fell into the lake. His friend ran for help. Within ten minutes, two lifeguards, two firefighters, a city police officer and two civilians who had been scuba diving nearby were on the scene and prepared to effect a rescue. However, before any rescue attempt could begin, Lake County Deputy Sheriff Gordon Johnson arrived on the scene in a patrol boat. Deputy Sheriff Johnson instructed all bystanders that no one was to enter the water until an official county rescue team arrived.

The City of Waukegan and Lake County previously had entered into an intergovernmental agreement that gave the County the responsibility to provide all police services in the entities' concurrent jurisdiction on Lake Michigan. Pursuant to its authority to police the lake, the County had promulgated a policy under which only divers from the City of Waukegan Fire Department could attempt to rescue a person in danger of drowning in Lake Michigan. Further, the policy directed

all members of the county sheriff's department to prevent civilians from attempting to effect a lake rescue.

Apparently, city officials were present when the boy began to drown, but did not act because of the policy of deferring to the County. The two civilian scuba divers who were on the lake in a boat attempted to assist, but were stopped by Deputy Sheriff Johnson who threatened arrest if the citizens interfered before the official rescue team arrived. By the time a rescue crew arrived, some thirty minutes later, the boy, although still manifesting some clinical signs of life, was in extremis and died shortly thereafter.

### B. *Prior Proceedings*

On August 8, 1986, William Ross' mother, Ollie Belle Ross, filed a complaint in federal court with regard to the drowning death of her son. Ms. Ross' six count, eighty-seven paragraph complaint named nine defendants, including both the City of Waukegan and Lake County.[1] Federal question jurisdiction was based upon allegations that the defendants had violated the civil rights of William Ross. *See* 42 U.S.C. § 1983 (1988).

Ms. Ross' case was initially assigned to Judge Bua of the United States District Court for the Northern District of Illinois. Shortly after Ms. Ross filed her complaint, in separate motions and supporting memoranda, the City and the County each moved for dismissal. Judge Bua referred the case to a magistrate judge for a report and recommendation. The magistrate judge recommended that the action not be dismissed. On June 12, 1987, over objections from both the City and the County, Judge Bua adopted the magistrate judge's Report and Recommendation and denied the City and the County defendants' motions to dismiss.

Shortly thereafter, upon the appointment of Judge Zagel, Ms. Ross' case was transferred to his docket. In November 1987, the City and the County again filed motions to dismiss on the same grounds that had previously been rejected by the magistrate judge and Judge Bua. On August 29, 1988, Judge Zagel dismissed Ms. Ross' § 1983 claims against the City and the County and requested that the parties submit memoranda on Ms. Ross' state law claims. On September 28, 1988, Judge Zagel denied Ms. Ross' motion to reconsider the August 29 dismissal of her federal causes of action. On that same day, Ms. Ross filed a motion for leave to file an amended complaint. The following year, on August 24, 1989, Judge Zagel issued an order declining to retain jurisdiction over Ms. Ross' remaining state law claims, denying Ms. Ross leave to file an amended complaint, and dismissing the case in its entirety.

On August 16, 1990,[2] we affirmed Judge Zagel's dismissal of the City. We held that the City was not liable under § 1983 either for entering the intergovernmental agreement with the County or for the actions of the County and its employees under a respondeat superior theory of liability. *Ross v. United States*, 910 F.2d 1422 (7th Cir.1990). However, we reinstated and remanded Ms. Ross' § 1983 cause of action against the County. We held that the alleged County policy or practice could have led to an unconstitutional deprivation of William's right to life in violation of § 1983. Upon remand, the case was reassigned randomly to Judge Bua's docket. Ms. Ross filed a motion seeking leave to file a second amended complaint.

On May 28, 1991, Judge Bua dismissed the City as a defendant on res judicata grounds; he noted that this court had affirmed the first dismissal of the City. 764 F.Supp. 1308. Nevertheless, Judge Bua denied the City's motions to sanction Ms. Ross for filing a previously barred claim. Judge Bua's order stated in part:

> Indeed, this is a borderline case for sanctions. On the one hand, [Ms.] Ross's attempts to add the City as a defendant are contrary to the mandate of the Seventh Circuit. But, on the other hand, [Ms.] Ross's conduct does not appear to be motivated by an improper purpose, such as

---

1. *Only the City of Waukegan is before us on this appeal. Accordingly, we shall limit discussion of the other defendants to that necessary to understand the City's present appeal.*

2. On August 15, 1990, while her first appeal was pending before this court, Ms. Ross filed a complaint in the state courts of Illinois.

harassment or delay.... At any rate, while [Ms.] Ross's apparent disregard for the Seventh Circuit's mandate is not to be condoned, this Court does not believe that sanctions are warranted under the unique facts and procedural history of this case.

R. 330 at 4. Thereafter, the City filed a motion for entry of a Rule 54(b) judgment as to its possible liability. Judge Bua denied this motion at Ms. Ross' request and on her assertion that she could demonstrate a new theory of liability that had just come to her new attorneys'[3] attention and had initially been foreclosed because Judge Zagel said that *no* § 1983 action could be pursued.

Judge Bua retired in December 1991, and Ms. Ross' case was reassigned to Judge Lindberg. Shortly after the reassignment, Judge Lindberg reviewed Ms. Ross' case file and, on December 19, 1991, he entered an order reaffirming the previous dismissals of the City and ruling that there was "no just reason for delaying enforcement or appeal." On December 23, Ms. Ross filed a 59(e) motion to vacate the dismissal and a motion for leave to file a third amended complaint. In response, the City filed a second motion for Rule 11 sanctions and a second motion for sanctions pursuant to § 1927.

■ On January 9, 1992, Judge Lindberg denied Ms. Ross' motion to vacate the December 19 dismissal of the City and her motion for leave to file a third amended complaint. Subsequently, on January 27, 1992, without a hearing and without explanatory comment, in a one sentence minute order effective *nunc pro tunc* to January 9, 1992, Judge Lindberg also denied the City's motion for Rule 11 sanctions and its motion

for sanctions pursuant to § 1927. The City now appeals the denial of its motions for sanctions under Rule 11 and pursuant to § 1927. It also asks that we impose sanctions on appeal pursuant to Rule 38. Ms. Ross cross-appeals from Judge Lindberg's denial of her motion to vacate his December 19, 1991 order dismissing the City and her motion for leave to file a third amended complaint.[4]

## II

## DISCUSSION

We have before us both an appeal and a cross-appeal. The cross-appeal involves the district court's decision refusing to allow Ms. Ross to file a third amended complaint. The appeal brings to us the district court's decision not to impose sanctions on Ms. Ross for tendering this complaint. Therefore, we shall first address the cross-appeal and then the appeal.

### 1.

■ On cross-appeal, Ms. Ross argues that the district court erred in denying her Rule 59(e) motion to vacate the December 19 dismissal of the City and in denying leave for her to file a third amended complaint.

The district court's three-line minute order was laconic. Although a more plenary explanation of the matter would have significantly aided us in our evaluation of counsels' submissions on appeal, we cannot fault the trial court for going to the heart of the matter and determining that, however the other criteria for Rule 59(e) relief or for amendment of a complaint might impact on the ultimate deci-

---

3. Ms. Ross' initial counsel died during the pendency of this litigation and a ninety-day stay was issued to allow her to retain new counsel.

4. Prior to oral argument, this court, sua sponte, raised the issue of its jurisdiction and directed the parties' attention to *Cassidy v. Cassidy*, 950 F.2d 381 (7th Cir.1991). Consequently, both parties briefed the issue of jurisdiction. We believe that this case differs from *Cassidy*, in which the issue of sanctions was also raised. In *Cassidy*, the sanction issue was only resolved as to two of the three defendants and no Rule 54(b) judgment was entered. In the present action, all of the City's sanction issues have been resolved and

the district court expressly entered a 54(b) judgment on December 19.

The denial of the City's motions to sanction was entered in a separate order on January 27 and did not contain a 54(b) finding. However, the district court expressly made the denial of the City's motions to sanction effective *nunc pro tunc* to the January 9 denial of Ms. Ross' motion to vacate the December 19 dismissal. We think it is clear that the court took this action to make clear that the decision was a final and immediately appealable order. Accordingly, we conclude that the City's appeal is properly before this court and we shall proceed to the merits.

sion, amendment was not possible here in light of our earlier decision in this case. "While Rule 15(a) states that 'leave shall be freely given when justice so requires,' the court should not allow the plaintiff to amend [her] complaint when to do so would be futile." *Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir.1993).

In the amended complaint tendered to the district court, Ms. Ross alleged that the City is liable because it had a policy of aiding and abetting the County in its policy of preventing available rescuers from reaching the victim. It further alleges that City personnel present at the breakwater on that tragic day acted pursuant to that policy when they helped County personnel keep the breakwater clear of non-official personnel, including potential rescuers. Upon examination of the first complaint filed in this action and of our earlier opinion, *see Ross,* 910 F.2d at 1428–29, we believe that these allegations are within the ambit of our earlier decision and therefore further consideration of them at this point through the device of an amended complaint is precluded.

### 2.

We now turn to the matter of sanctions. Rule 11 of the Federal Rules of Civil Procedure provides in part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed *after reasonable inquiry* it is *well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law,* and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall impose* upon the person who signed it, a represented party, or both, an appropriate sanction, which may

include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including reasonable attorney's fees.

Fed.R.Civ.P. 11 (emphasis added).

■ The City submits that the district court erred in denying its repeated motions for sanctions under this rule. We review a district court's decision not to impose Rule 11 sanctions only for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 397–99, 110 S.Ct. 2447, 2457–58, 110 L.Ed.2d 359 (1990); *Dunn v. Gull,* 990 F.2d 348, 350 (7th Cir.1993). Although the determination of whether Rule 11 has been violated is necessarily very fact-based and is accordingly reviewed with deference, the imposition of sanctions, when Rule 11 has been violated, is mandatory. *United States v. Oberhellmann,* 946 F.2d 50, 53 (7th Cir.1991) (subjective bad faith no longer a prerequisite to Rule 11 sanctions; standard is an objective one); *Dahnke v. Teamsters,* 906 F.2d 1192, 1200 (7th Cir.1990) (same).

■ As this case comes to us, we must review the judgment entered by Judge Lindberg. His reevaluation of the case is the decision properly before us. The City argues that Judge Lindberg abused his discretion in refusing, without holding a hearing or making any record findings, to issue Rule 11 sanctions based upon Ms. Ross' attempt to file a third amended complaint. Although our review of a denial of sanctions is limited, the denial of sanctions with no explanation may constitute an abuse of discretion. *Wojan v. General Motors Corp.,* 851 F.2d 969, 974 (7th Cir.1988). "Deferential review will not prevent this court from ensuring that district judges reflect seriously, and consider fully, before imposing (or denying) sanctions." *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 936 (7th Cir.1989) (en banc); *see also In re Ronco, Inc.,* 838 F.2d 212, 217–18 (7th Cir.1988) (deferential review does not mean no review at all). Ms. Ross correctly asserts that there are instances in which a cursory order granting or denying sanctions without exposition is not an abuse of discretion. *See Teamsters Local 579 v. B & M Transit, Inc.,* 882 F.2d 274, 279

(7th Cir.1989) ("We have even discouraged lower courts from conducting additional proceedings when the record was adequate to determine whether sanctions were necessary."); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1084 (7th Cir.1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988) (If the reasons for denying a motion for sanctions are clear on the record "the judge need not belabor the obvious[;] ... [Otherwise, the parties] and this court are entitled to explanations."). Although on occasion we have upheld cursory orders granting or denying sanctions, we have done so only when the record clearly reflected on its face whether sanctions were appropriate.

The present appeal is not such a case. Of particular concern to us is the circuitous route that this case has taken in the district court. This case has been, at various times during the last eight years, before at least five different courts in two separate court systems. This court alone has seen no less than three appeals. The City has brought five separate motions for sanctions and appealed two of them. Three separate courts have considered and denied the City's requests for sanctions. The parties are in disagreement on many of the facts, as well as the inferences that should properly be drawn from earlier orders of three different district judges and a magistrate judge.[5] Accordingly, the considerations that need to be weighed in adjudicating the matter of sanctions are not susceptible to resolution without explanation by the district court and certainly ought not be settled definitively by an appellate tribunal.

 For these reasons, we must conclude that the district court's explanation is so conclusory that we cannot review the substance of its decision. To affirm the district court's decision, given without explanation, would render us no more than a rubber stamp. We are not—no matter what the applicable standard of review—a rubber stamp. Accordingly, the denial of sanctions is vacated; on remand, the parties may again address the issue of sanctions and obtain a more plenary explanation from the district court.[6]

---

5. The City argues that Judge Bua concluded that Ms. Ross' litigation conduct may be sanctionable, but that, employing an improper standard, he did not sanction her because her conduct did not appear to be intended to harass. In support of its assertion that Judge Bua found a Rule 11 violation, the City invites our attention to a portion of his memorandum order in which he expressly notes that Ms. Ross attempted to amend the complaint adding the City as a party "against the mandate of the Seventh Circuit." In response, Ms. Ross invites our attention to language in the same order that states that judicial economy and convenience to the litigants suggest that the state law claims against the City may best be consolidated with the federal action. Moreover, as Ms. Ross submits, Judge Bua expressly emphasized that this case has had a very complex and unique procedural history that he believed made sanctions inappropriate in this instance. Even though the language in Rule 11 is mandatory, "the bulk of the Rule 11 calculus is [still] best left to the trial court." *FDIC v. Tefken Constr. Co.*, 847 F.2d 440, 443 (7th Cir.1988). We believe that Judge Bua's order is indeed ambiguous and note, moreover, that Judge Lindberg did not indicate his agreement with or reliance on any part of Judge Bua's order.

6. Although we have cast our discussion in terms of Rule 11 sanctions, we believe that the district court's lack of explanation also prevents meaningful review of the refusal to impose sanctions under 28 U.S.C. § 1927. That section provides in part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously *may be* required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

§ 1927 (emphasis added).

Before sanctions may be imposed under § 1927, a party must show "bad faith." *McCandless v. Great Atlantic & Pacific Tea Co.*, 697 F.2d 198, 201 (7th Cir.1983). Section 1927 allows recovery of fees only if a party litigates "unreasonably and vexatiously." *Koffski v. Village of North Barrington*, 988 F.2d 41, 45 n. 8 (7th Cir.1993). The power to impose costs under § 1927 should be exercised "only in instances of a serious and studied disregard for the orderly processes of justice." *United States v. Ross*, 535 F.2d 346, 349 (6th Cir.1976) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163 (7th Cir.1968), *cert. denied*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969)). Further, even if that standard has been met (unlike the "shall" language in Rule 11) a court "may" award § 1927 fees. That is, it is within the sound discretion of the district court whether to grant or to deny sanctions under § 1927.

The City argues that the district court abused its discretion in denying the City's motion for

### 3.

 Finally, the City submits that we should impose sanctions against Ms. Ross under Federal Rule of Appellate Procedure 38. Ms. Ross' cross-appeal, contends the City, evidences that she has no intention of stopping her "campaign of vexatious litigation against the City." Appellant's Br. at 27. Sanctions may be awarded under Rule 38 if an appeal is frivolous. "An appeal is frivolous 'when the result is obvious or when the appellant's argument is wholly without merit.'" *Spraying Sys. Co. v. Delevan, Inc.*, 975 F.2d 387, 396 (7th Cir.1992) (quoting *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1075 (7th Cir.1989)). Additionally, to impose Rule 38 sanctions we have required "some evidence of bad faith." *Koffski v. Village of North Barrington*, 988 F.2d 41, 45 n. 8 (7th Cir.1993) (quoting *Rodgers v. Wood*, 910 F.2d 444, 449 (7th Cir.1990)).

The City's arguments in support of its request for Rule 38 sanctions are essentially the same as its arguments for sanctions under Rule 11 and pursuant to § 1927. Without more explicit findings by the district court, we cannot, on this record, assess definitively whether bringing this appeal can be considered sanctionable conduct. The only additional circumstance to which the City invites our attention is that Ms. Ross attempted to supplement the Record on Appeal with a deposition taken several months after the notice of appeal was filed. The parties are in disagreement as to whether the deponent was available previously and as to whether the deposition supports a new theory for § 1983 liability against the City. After study of the submissions of the parties, we have concluded that the City has not carried its burden of demonstrating the appropriateness of sanctions under Rule 38.

### Conclusion

The judgment of the district court is affirmed insofar as it dismisses Ms. Ross' case against the City. The decision of the district court with respect to sanctions is vacated and the matter is remanded for proceedings con-

sistent with this opinion. No costs are awarded in the appeal. The City may recover its costs in the cross-appeal.

AFFIRMED, in part and VACATED and REMANDED, in part.

---

sanctions pursuant to 28 U.S.C. § 1927. However, there may have been extenuating circumstances in this litigation. Ms. Ross' case was repeatedly reassigned and her initial counsel died shortly before her third attempt to amend her complaint.