69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harjit SINGH, et al., Plaintiffs-Appellees,
v.
Arthur J. CURRY, Christine Curry, Sukhjit Gill, Barry H.
Greenburg, and Nathan's Deli, Inc., an Illinois
Corporation, Defendants-Appellants.
 Nos. 88-2981, 89-1619.[1]
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 2, 1995.*
Decided Oct. 25, 1995.
 
 Before WOOD, Jr., COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Appellants appeal the district court's denial of a motion for sanctions under Federal Rule of Civil Procedure 11 against appellee Harjit Singh ("Singh") and his former attorneys, appellees Joseph Marconi and David Morrison ("appellees")[2]. Appellees maintain that the district court's decision was correct, or, in the alternative, that this court lacks jurisdiction to review the order. We affirm.
 
 ANALYSIS
 
 2
 The facts of this complex case have been summarized in two published district court opinions and numerous orders and will not be presented again here, except as necessary for our analysis.
 
 A. Jurisdiction
 
 3
 Appellees maintain we lack jurisdiction to review the orders because there has been no final judgment on the merits, given the complaint was dismissed without prejudice. This argument is based on the case's one procedural quirk--the order denying sanctions has been appealed twice. The first appeal, No. 88-2981, came after the district court dismissed the complaint on the merits; this dismissal was separately appealed (No. 88-1688). This court vacated and remanded the merits appeal (No. 88-1688), but never addressed the sanctions appeal (No. 88-2981). As the sanctions appeal was in large measure based on the district court's dismissal of the complaint, the result in the merits appeal invalidated many of the claims raised in the sanctions appeal. On remand, the district court dismissed the action, without prejudice, in deference to a prior Illinois state court action involving the same dispute. Appellants again appealed the sanctions order (No. 89-1619) at this second "conclusion" of the case.
 
 
 4
 An order granting or denying sanctions under Rule 11 is an appealable decision which constitutes a judgment under Rule 54. Burda v. M. Ecker Co., 954 F.2d 434, 439 (7th Cir.1992) See also Cassidy v. Cassidy, 950 F.2d 381, 382 (7th Cir.1991) (a Rule 11 decision is treated as a separate judicial unit from the merits and is separately appealable). A denial of Rule 11 sanctions, however, generally must wait until the end of the case to be reviewed on appeal. Cassidy, 950 F.2d at 383.
 
 
 5
 Appeal No. 88-2981 involved a denial of a motion for sanctions entered after the underlying case was dismissed on the merits. It was properly appealable. However, the decision in the merits appeal (No. 88-1688), while not specifically addressing the sanctions appeal, effectively mooted a good portion of the appellants' arguments in the sanctions appeal. As the Rule 11 decision could not be completely evaluated on appeal, given the uncertainty as to how key issues would be resolved on remand, No. 88-2981 was no longer ripe for decision. See generally Cassidy, 950 F.2d at 383 (inherent waste of judicial resources in piecemeal evaluation of pretrial sanction orders).
 
 
 6
 This is a matter of no consequence, however, because No. 89-1619 is properly before this court. That the final dismissal of the case was without prejudice does not make the denial of sanctions unappealable. A district court has the power to award sanctions under Rule 11 even after a voluntary dismissal, and such an award is reviewable on appeal. See generally Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073 (7th Cir.1987), cert. dismissed, 485 U.S. 901 (1988). See also Ormsby Motors, Inc. v. General Motors Corp., 32 F.3d 240, 241 (7th Cir.1994) (a litigant cannot avoid sanctions by voluntarily dismissing the case). That sanctions were denied rather than granted does not change this result.
 
 B. Rule 11
 
 7
 Appellants maintain the district court failed to adequately review their motion and erred in the review it did make.
 
 
 8
 All aspects of a district court's Rule 11[3] determination are reviewed under the abuse of discretion standard. LaSalle Nat. Bank of Chicago v. County of DuPage, 10 F.3d 1333, 1337 (7th Cir.1993). See also Bisciglia v. Kenosha Unified School Dist. No. 1, 45 F.3d 223, 226 (7th Cir.1995). While Rule 11 sanctions must be imposed in certain circumstances, if the matter is not free from doubt, great deference should be accorded the district court. Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial Services, 9 F.3d 1263, 1269 (7th Cir.1993). Sanctions are not appropriate merely because a claim failed; Rule 11 is not intended to penalize creative or aggressive advocacy. Mars Steel Corp. v. Continental Bank, N.A., 880 F.2d 928, 932 (7th Cir.1989) (en banc).
 
 Adequacy of Review
 
 9
 The appellants raised numerous claims in their Rule 11 motion. The magistrate judge's report, however, only explicitly evaluated the RICO issue (as to the adequacy of legal research) and the duplicative litigation issue based on the pending state court action, although the report acknowledged that the appellants raised other claims dealing with appellees' investigation of both the applicable law and facts. The district court only explicitly analyzed the RICO issue in terms of the adequacy of appellees' legal research, and adopted the magistrate judge's recommendation in all other respects.
 
 
 10
 A district court must evaluate each basis presented for sanctions, and a failure to do so requires remand. Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750, 752 (7th Cir.1988). See also Szabo Food, 823 F.2d at 1084 ("A serious Rule 11 motion is not a gnat to be brushed off with the back of the hand"); LaSalle Nat. Bank, 10 F.3d at 1338 (a district court abuses its discretion if its explanation is so conclusory that the appellate court cannot review the substance of the order). However, a lengthy explanation for denying a Rule 11 motion is not required if the basis for the denial is apparent from the record. Szabo, 823 F.2d at 1084. See also Ross v. City of Waukegan, 5 F.3d 1084 1088-89 (7th Cir.1993).
 
 
 11
 This is not a case where the district court considered a Rule 11 motion in only a cursory manner. Judge Aspen wrote a six page order, and Magistrate Judge Balog drafted a nine page report. However, neither the magistrate judge nor the district judge appears to have explicitly addressed many of appellants' claims. Our review will first cover the issues explicitly discussed by the lower court and then evaluate the remaining claims to ascertain whether the reason for denying them is clear from the record.
 
 RICO
 
 12
 The magistrate judge concluded that the appellees' complaint was not adequately grounded in law, as two then-recent Seventh Circuit cases, Morgan v. Bank of Waukegan, 804 F.2d 970 (7th Cir.1986) and Lipin Enterprises, Inc. v. Lee, 803 F.2d 322 (7th Cir.1986), held that acts creating a single injury to a single victim as part of a single scheme could not constitute a pattern of racketeering. (Magistrate Judge's Report at 6-8). Judge Aspen concluded that, while Morgan and Lipin rendered the RICO claim deficient, a reasonable prefiling inquiry would not have revealed those cases, as they were decided less than a month before the complaint was filed. (See Singh v. Curry, 122 F.R.D. 27 (N.D.Ill.1988)).
 
 
 13
 Appellant argues that the district court's conclusion is at odds with this court's decision in Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750 (7th Cir.1988). In Fred A. Smith, which involved a RICO claim filed at nearly the same time Singh filed his, this court held that filing a RICO claim alleging only a single scheme with a single victim and a single injury was objectively unreasonable in light of Morgan and Lipin, which were "in force" when the complaint was filed. 845 F.2d at 753-54. However, the argument that Morgan and Lipin were too recent to have been revealed via reasonable legal research was apparently not presented in Fred A. Smith.[4] Judge Aspen's decision, while somewhat contrary to Fred A. Smith, is not so unreasonable as to constitute an abuse of discretion, particularly in light of the fact computer research was not as pervasive then as it is today. In addition, we note that another contemporary case suggested that the RICO pattern requirements were "hazy". See Beeman v. Fiester, 852 F.2d 206, 212 (7th Cir.1988). Further, subsequently learning of the relevant cases does not render the initial filing of the complaint sanctionable, as Rule 11 does not impose a continuing duty on signers to update or correct previously filed pleadings and papers. See Bisciglia, 45 F.3d at 227.[5]
 
 Duplicative Litigation
 
 14
 Appellants assert that appellees should be sanctioned for bringing an action that was duplicative of the prior state court proceeding, particularly in light of the state court default judgment which resulted in Singh's claims being barred by res judicata. Bringing a claim that is barred by res judicata is sanctionable. See Cannon v. Loyola University of Chicago, 784 F.2d 777, 782 (7th Cir.1986), cert. denied, 479 U.S. 1033 (1987). The res judicata argument fails, however, as the state court default was vacated, as was the district court's decision relying upon it. Appellants concede this. (Reply at 2). Clearly, as noted by the magistrate judge, attorneys should inform district court judges of other pending actions. However, appellant has cited no case which holds filing a federal action is per se sanctionable on the basis of a prior state case in which the federal plaintiff is the defendant.[6] Sanctions are not warranted on this record.
 
 
 15
 Nathan's Deli, Inc.
 
 
 16
 Appellants argue that appellees' allegation regarding the date of Nathan's Deli, Inc.'s incorporation is evidence of the inadequacy of appellees' investigation of the factual basis of the RICO claim. Appellees had alleged in the complaint that Nathan's Deli had been formed about the time of the first sales contract, as a shell corporation to be utilized as part of the conspiracy to defraud Singh. (Complaint, pp. 7-9). Nathan's Deli was actually incorporated in October 1985, at approximately six months before the events at issue. (Record # 119, Exhibit N).
 
 
 17
 This court has held that the failure to properly ascertain the state of incorporation for a business entity in a petition for removal was sanctionable, given such information is readily available from public sources. See S.A. Auto Lube, Inc. v. Jiffy Lube International, Inc., 842 F.2d 946, 949 (7th Cir.1988), overruled in part on other grounds by Mars Steel Corp. v. Continental Bank, N.A., 880 F.2d 928 (7th Cir.1989) (en banc) (as to standard of review). See also Pollution Control Industries of America, Inc. v. Van Gundy, 21 F.3d 152, 155 (7th Cir.1994) (failure to ascertain citizenship for diversity is sanctionable). However, factual errors do not necessarily warrant the imposition of sanctions; if the errant fact does not undermine the underlying theory of the claim and the misstatement is promptly corrected sanctions are generally not warranted. Milwaukee Concrete Studies v. Fjeld Mfg. Co., 8 F.3d 441, 449-51 (7th Cir.1993) (simple attorney error rather than inadequate factual inquiry).
 
 
 18
 The errant fact here is not critical to appellees' theory. If the appellants were conspiring to defraud Singh, it matters not whether they utilized an existing corporation or created one for the purpose. Further, although the appellees did not correct the error, it was nonetheless quickly discovered. We cannot conclude the district court abused its discretion in electing not to impose sanctions on this basis.
 
 Reckless Allegations of Fraud
 
 19
 Appellants argue that appellees failed to adequately investigate their fraud claims, as indicated by the fact fraud is clearly alleged in the complaint, but any reliance on fraud is disclaimed in the response to appellants' motion to stay discovery.
 
 
 20
 The RICO claim was based on appellants' alleged "scheme to defraud plaintiff." (Complaint, Count V, p. 5). However, appellees stated in their Response to the Motion to Stay Discovery that "Fraud has not been alleged in the complaint, except insofar as breaches of fiduciary duties amount to fraud." (Record # 34, p. 5 footnote 2). A few days later, appellees reasserted the fraud claims in their Response to Appellants' Motion to Dismiss. (Record # 38, pp. 6-10).
 
 
 21
 While appellees never seem to have explained the inconsistency, a somewhat cryptic remark in a footnote in the context of the entire litigation is not sufficient to warrant sanctions. Any misconception the appellants may have acquired regarding the scope of the claims was promptly corrected by the subsequent pleading. The statement appears more a simple attorney error rather than an attempt to mislead the court and the appellants, particularly given the statement's less than prominent place in a footnote. Sanctions are not warranted on this basis.
 
 Other Claims
 
 22
 Appellants raise three other claims, none of which require a lengthy discussion.
 
 
 23
 Appellants argue that appellees did not raise the broad fraud/RICO claims in the bankruptcy court that they did in this action. Appellants contend this indicates the allegations are spurious. The pleadings filed in other forums cannot provide the basis for sanctions, as Rule 11 only applies to pleadings signed and filed in the district court. See Bisciglia, 45 F.3d at 226-27. If appellees were less than properly diligent in bankruptcy court, Rule 9011 of the Federal Rules of Bankruptcy provides a remedy analogous to Rule 11. See Matter of Excello Press, Inc., 967 F.2d 1109, 1111-12 (7th Cir.1992).
 
 
 24
 Appellants also argue that Count VI, which alleges Greenburg breached his fiduciary duty as Singh's attorney, is sanctionable. Appellants maintain that Greenburg informed Singh of Greenburg's financial interest in the transaction and advised Singh to seek independent advice. However, Singh's complaint is directed to Greenburg's subsequent conduct, with Singh claiming Greenburg recanted his earlier warnings and urged Singh to make a decision contrary to Singh's best interests. What truly transpired between Singh and Greenburg is a disputed issue of fact that was never resolved. As such, on the current record, there is no basis for imposing sanctions as to Count VI.
 
 
 25
 Lastly, appellants make a terse argument that Count IV is sanctionable, largely on the grounds that it was dismissed and that the claim was abandoned in subsequent filings before the bankruptcy court. That the court was dismissed is not enough; a claim is not sanctionable purely on the basis of its failure to prevail in court. See generally LaSalle Nat. Bank, 10 F.3d at 1339.
 
 AFFIRMED.[7]
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellee has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Per the court's order of November 4, 1988, this appeal is to be heard by the same panel which heard appeal No. 88-1688. Appeal Nos. 88-2981 and 89-1619 were consolidated for briefing and disposition by this court's order of April 5, 1989
 
 
 [2]
 Only appellees Marconi and Morrison have filed briefs in this appeal. Appellees withdrew as Singh's counsel on March 6, 1987
 
 
 [3]
 The version of Federal Rule of Civil Procedure 11 in effect at the time of the action provided, in relevant portion:
 ... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....
 Rule 11 was amended, effective December 1, 1993.
 
 
 [4]
 We further note the more vigorous de novo review standard was applied in Fred A. Smith. See 845 F.2d at 751
 
 
 [5]
 Appellants also argue appellees' subsequent arguments in favor of the RICO claim after they were apprised of Morgan and Lipin are sanctionable. However, appellants' second motion for sanctions contains no claim based on any alleged defects in appellees' subsequent pleadings regarding RICO. Thus, appellants' claim regarding subsequent pleadings is waived for failure to present it to the district court
 
 
 [6]
 Although the ultimate result in such a case would likely be the district court staying the federal action under the Colorado River doctrine
 
 
 [7]
 Appellees also seek sanctions under Rule 38. The appeal is not frivolous and sanctions are denied